## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JENNIFER M ROUSE,** | **COURT FILE NO.: _____** |
| **Plaintiff,** | **COMPLAINT** |
| **v** | |
| **SHERMETA LAW GROUP, PLLC, TRICIA MCKINNON, GREGORY R. DYE, ABBEY JOY GUDOWSKI-DEMARAIS, JASON TOWER, KHARA MOODY, ANTWUAN HAWKINS and MICHAEL HERVEY,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## INTRODUCTION

1.  In this case Defendants SHERMETA LAW GROUP, PLLC, & TRICIA MCKINNON knowingly filed and maintained a collection lawsuit on a time barred debt against Plaintiff in an improper forum located more than 70 miles from the Plaintiff's residence and the county where the contract was signed.

2.  Defendants refused to voluntarily dismiss said action thereby increasing Plaintiff's actual economic damages in defending until the case was ultimately dismissed after being transferred to the Howell Michigan 53rd District court.

3.  The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements

in connection with debt collection attempts. It also requires debt collectors to give debtors certain information including notice that the debt is no longer legally enforceable and cannot be sued on after the expiration of the statute of limitations. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4.    In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

5.    Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." And that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management, LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

6.    The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

7.    Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq* by seeking redress for violations set forth below.

## JURISDICTION

8.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k.  This Court may assert supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 arising out of the same nucleus of operative facts.

9.  This action arises out of Defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq., and the Michigan Regulation of Collection Practice Act, ("MRCPA") MCL 445.251 et seq.

10.  Venue is proper in this District because the harm to Plaintiff occurred in this District, Defendant has a place of business within this District and transacts business here.

## PARTIES

11.  Plaintiff JENNIFER M ROUSE (herein after "Plaintiff" or "ROUSE") is an adult natural person residing at all relevant times in Fenton, Michigan.  ROUSE's residential street address was at all relevant times 6400 Prince Blvd, Fenton MI 48430.

12.  ROUSE is protected under the FDCPA from fraud, misrepresentations, harassment, oppression and abuse in connection with the collection of a debt.

13.  ROUSE is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14.  ROUSE is a "consumer," "debtor" and "person" as the terms are defined and used in the MRCPA.

15.  Defendant SHERMETA LAW GROUP, PLLC (hereinafter "SHERMETA") is a

Michigan professional limited liability company.

16.   The registered agent for SHERMETA is Northwest Registered Agent Service, Inc.,
      2222 W. Grand River, Ave., Ste A, Okemos, Michigan 48864.

17.   Defendant, TRICIA MCKINNON (hereinafter "MCKINNON ") is believed to be a
      natural person who acts as a principle owner, shareholder and officer and otherwise
      employed by SHERMETA, as a collection lawyer operating from an address of 1030
      Doris Rd #200, Auburn Hills, MI 48326 as a collection agent and is a "debt collector"
      as that term is defined by 15 U.S.C. 1692a(6).

18.   Defendant, GREGORY R. DYE (hereinafter "DYE") is believed to be a natural
      person employed by SHERMETA, as a collection lawyer operating from an address
      of 1030 Doris Rd #200, Auburn Hills, MI 48326 as a collection agent and is a "debt
      collector" as that term is defined by 15 U.S.C. 1692a(6).

19.   Defendant, ABBEY JOY GUDOWSKI-DEMARAIS (hereinafter " DEMARAIS ")
      is believed to be a natural person employed by SHERMETA, as a collection lawyer
      operating from an address of 1030 Doris Rd #200, Auburn Hills, MI 48326 as a
      collection agent and is a "debt collector" as that term is defined by 15 U.S.C.
      1692a(6).

20.   Defendant, JASON TOWER (hereinafter "TOWER") is believed to be a natural
      person employed by SHERMETA, as a collection lawyer operating from an address
      of 1030 Doris Rd #200, Auburn Hills, MI 48326 as a collection agent and is a "debt
      collector" as that term is defined by 15 U.S.C. 1692a(6).

21. Defendant, KHARA MOODY (hereinafter " MOODY ") is believed to be a natural person employed by SHERMETA, as a collection lawyer operating from an address of 1030 Doris Rd #200, Auburn Hills, MI 48326 as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6).

22. Defendant, ANTWUAN HAWKINS (hereinafter "HAWKINS") is believed to be a natural person employed by SHERMETA, as a collection lawyer operating from an address of 1030 Doris Rd #200, Auburn Hills, MI 48326 as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6).

23. Defendant, MICHAEL HERVEY (hereinafter "HERVEY") is believed to be a natural person employed by SHERMETA, as a collection lawyer operating from an address of 1030 Doris Rd #200, Auburn Hills, MI 48326 as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6).

24. SHERMETA is a law firm whose primary business is debt collection.

25. Defendants use interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

26. Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

27. Defendants regularly file state court lawsuits seeking to collect a debt that is in default at the time of the filing of the lawsuit on behalf of its clients and therefore are debt collectors. *See Heintz v. Jenkins,* 514 U.S. 291, 299 (1995).

28. In *Heintz v. Jenkins*, 514 U.S. at 299, 115 S.Ct. 1489, 131 L.Ed.2d 395, the United States Supreme Court made clear that the FDCPA applies to "attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *See also Beler v. Blatt, Hasenmiller, Leibsker & Moore, L.L.C.*, 480 F.3d 470, 472 (7th Cir.2007).

29. In *Heintz,* 514 U.S. at 294, 115 S.Ct. 1489, 131 L.Ed.2d 395, the United States Supreme Court also held that the FDCPA "applies to the litigating activities of lawyers." Relying on that holding, federal "circuit courts have widely recognized that litigation-related conduct, including the filing of formal complaints, can give rise to claims under the Act." *Lipscomb v. The Raddatz Law Firm, P.L.L.C.*, 109 F.Supp.3d 251, 260 (D.D.C.2015).

30. Defendants are "debt collectors" as the term is defined and used in the FDCPA.

31. Defendants are "regulated persons" as the term is defined and used in the MRCPA, MCL 445.251(xi).

32. During all times pertinent hereto, Defendants directly and indirectly participated in the unlawful debt collection practices to collect an alleged debt from ROUSE that are described in this complaint in violation of state and federal law.


## FACTUAL ALLEGATIONS

33. At all times relevant to this complaint Defendants sought to collect a "consumer" debt from the Plaintiff.

34. Plaintiff's debt arose from transactions with a Creditor, Ally Financial, which were primarily for family, personal or household purposes to wit, an installment contract for the purchase of a motor vehicle which meets the definition of a "debt" under 15 U.S.C. § 1692a(5) as well as under the cited state statutes herein *infra*.

35. On or about February 4, 2019 Defendants filed a collection lawsuit on behalf of Ally Financial against ROUSE (the "State Court Lawsuit") in the 12th District Court located in Jackson County Michigan, seeking to collect on the Debt.

36. The 12th District Court located in Jackson Michigan is located more than 70 miles from where Plaintiff resides.

37. Defendants' original filed summons indicated that Plaintiff resided at 989 Root Station road, Jackson MI 49201. See Ex 1.

38. On or about February 25, 2019 Defendants ascertained that the 989 Root Station road, Jackson MI 49201 was a "(bad address)." See Ex 1.

39. Thereafter Defendants moved the state court to extend the time for service on Ms. Rouse misrepresenting to the court that Ms. Rouse had "moved" and that Defendants had been diligently attempting personal service on her.

40. In fact, Defendants had simply not researched or confirmed Plaintiff's address prior to instituting legal action against her the failure of which was the cause of delay in Defendant's prosecuting this case.

41. Despite full knowledge that Plaintiff did not live in Jackson County Defendants failed to dismiss their case against Plaintiff and refile the case in the proper venue where Plaintiff resided.

42. Instead Defendants substituted Plaintiff's correct address information into a proposed second summons and provided this along with Defendants' motion for issuance of a second summons.

43. Defendants knew full well that they were asking the court to issue a new summons requiring the Plaintiff to respond to a collection lawsuit in an improper forum over 70 miles distance from Plaintiff's residence.

44. On May 3, 2019 the state court granted Defendant's motion and issued the second summons prepared and submitted by defendants requiring Plaintiff to respond to the Defendants' collection lawsuit within 21 days of May 3, 2019. See Ex 1.

45. A true and correct copy of the Defendants' motion, lawsuit and the second summons is attached hereto as Exhibit 1.

46. On May 28, 2019 Defendant caused the summons and complaint to be served on ROUSE at her residence in 6400 Prince Blvd, Fenton MI 48430 by first class mail.

47. This was the first written communication from Defendants to Plaintiff in reference to the debt.

48. At no relevant time did ROUSE ever reside in Jackson County, Michigan.

49. When Defendants filed the State Court Lawsuit against ROUSE in Jackson County, Michigan, they knew ROUSE was residing in Fenton, Michigan.

50. The FDCPA states that a debt collector may file a collection suit against a consumer only in the judicial district in which the consumer signed the contract sued upon, or in which the consumer resides at the commencement of the action, 15 U.S.C. §1692i.

51. Any contract, if any existed, was not signed or entered into in Jackson County, Michigan.

52. ROUSE did not reside in Jackson County, Michigan, when Defendant filed its state court action against ROUSE in Jackson County nor at any other time.

53. When Defendant filed the state court lawsuit against ROUSE, a simple search of ROUSE's name and social security number, using any number of commercially available search engines, such as www.accurint.com. would readily have disclosed that ROUSE was then residing in Fenton, Michigan, and had been residing in there for many years.

54. When Defendant filed the state court lawsuit against ROUSE, a review of any number of commercially available maps would readily have disclosed that ROUSE was then residing in Fenton Michigan which located more than 70 miles from the Jackson county court house.

55. When Defendant filed the state court lawsuit against ROUSE, a telephone call to the Jackson County Department of Equalization and Mapping would have disclosed that ROUSE's residential street address was not located in Jackson County, Michigan.

56. Defendant failed to maintain procedures reasonably adapted to avoid filing suit against ROUSE in the wrong judicial district.

57. Defendant failed to follow procedures, reasonably adapted to avoid filing suit against ROUSE in the wrong judicial district.

58. When Defendant filed the state court lawsuit against ROUSE, Defendant had no legitimate reason to believe that any contract upon which the lawsuit was based was signed by ROUSE in Jackson County, Michigan.

59. Defendant filed a collection lawsuit against ROUSE in the wrong judicial district and violated the FDCPA, including but not limited to, 15 U.S.C. §1692i.

60. At the time Defendants filed the state court complaint against Plaintiff in the wrong venue the account was in default for more than four (4) years and was no longer legally enforceable pursuant to the UCC's four-year limitations period in MCL 440.2725.

61. At the time the Complaint was filed, no payment on the account had been made for more than four years.

62. At the time the Complaint was filed, Plaintiff did not have a legally enforceable obligation to pay the Debt.

63. At the time the Complaint was filed, the debt was time barred by the Michigan statute of limitations and all attempts to recover the debt through legal action were illegal and in violation of the FDCPA and the MRCPA.

64. Plaintiff incorporates the paragraphs above.

**15 U.S. C § 1692e,** in pertinent part, provides:

A debt collector many not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without

limiting the general application of the foregoing, the following conduct is in violation of this section:

\* \* \*

(2) The false representation of –
    (A) the character, amount, or legal status of any debt…

\* \* \*

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken…

\* \* \*

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**15 U.S. C § 1692f,** in pertinent part, provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*\*\*

(1) Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

65. The FDCPA broadly prohibits unfair or unconscionable collection methods including filing suit on a time barred debt. See e.g. *Murray v. CCB Credit Services, Inc.,* 04 C 7456, 2004 U.S. Dist. LEXIS 25361, 2004 WL 2943656, at \*2 (N.D. Ill. Dec. 15, 2004) ("[A] violation of the FDCPA occurs if the attempt to collect the time-barred debt is accompanied by a threat to sue, or if litigation has actually begun."); *Walker*

*v. Cash Flow Consultants, Inc.,* 200 F.R. D. 613, 616 (N.D. Ill. 2001); *Kimber v. Federal Financial Corp.,* 668 F. Supp. 1480 (M.D. Ala. 1987).

66. Defendants' conduct related to the state court matter violated 15 U.S.C § 1692 e(2)(A), e(5) and e(10).

67. 15 U.S.C § 1692f provides in part that, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

68. Defendants' failure to inform Plaintiff that the debt was time barred violates 15 U.S.C § 1692 e(2)(A), e(5) and e(10) and f and f(1).

69. Defendants are liable for the acts and omissions of their employees done in connection with efforts to collect a debt from ROUSE.

70. The acts of Defendants done in connection with efforts to collect the Debt were done intentionally and willfully.

71. Defendant intentionally and willfully violated the FDCPA and MRCPA

72. As a result of the facts alleged above, Plaintiff has suffered damages, including actual damages and emotional distress.

73. Plaintiff was confused, anxious and stressed out over having to spend a lot of time seeking a lawyer whom she could afford to retain and who would respond to the lawsuit filed in a court located so far from her home and over a debt that she did not believe she owed.

## **JURY DEMAND**

74.    ROUSE is entitled to and requests a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P.

       38.

## COUNT I

### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 et Seq.

75.    ROUSE incorporates by reference all of the above paragraphs of this Complaint as

       though fully stated herein.

76.    The foregoing acts and omissions of Defendant constitute violations of the FDCPA

       including, but not limited to, each and every one of the below cited provisions of the

       FDCPA, 15 U.S.C. § 1692 et seq.

   a.    The filing of legal actions against consumers in a judicial district in which a
         consumer did not contract to receive the services in question or where the
         consumer did not reside at the commencement of the action in question in
         violation of 15 U.S.C. § 1692i.

   b.    § 1692d. Any conduct the natural consequence of which is to harass, oppress,
         or abuse any person in violation of 15 U.S.C. § 1692d.

   c.    § 1692e Any other false, deceptive, or misleading representation or means in
         connection with the debt collection.

   d.    § 1692 e  Any other false, deceptive, or misleading representation or
         means in connection with the debt collection.

   e.    The threat to take action that cannot be legally taken in violation of 15 U.S.C.
         § 1692e(5).

   f.    The utilization of false and deceptive means to collect or to attempt to collect
         a debt in violation of 15 U.S.C. § 1692(e)(10).

   g.    Any other false, deceptive, or misleading representation or means in
         connection with the debt collection in violation of 15 U.S.C. § 1692(e).

h.     Any unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of § 1692f.

i.     § 1692f(1). Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

77.     As a result of Defendant's violations of the FDCPA, ROUSE is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

### Violations of the Michigan Regulation of Collection Practices Act

78.     ROUSE incorporates the preceding allegations by reference.

79.     Defendants and its employees/agents are "regulated persons" as defined by MCL 445.251(g)(xi) in the Michigan Regulation of Collections Practices Act ("MRCPA") MCL 445.251, et seq.

80.     ROUSE is a person whom the act was intended protect, MCL 445.251(d).

81.     Defendants foregoing acts in attempting to collect this debt against Plaintiff constitute violations of the Michigan Regulation of Collections Practices Act.

82.     Defendants violations of the MCPA include, but are not necessarily limited to, the following:

a.     Defendants violated M.C.L. § 445.252(a) by communicating with a debtor in a misleading or deceptive matter;

b.     Defendants violated M.C.L. § 445.252(e) by making an inaccurate,

misleading, untrue or deceptive statement or claim in a communication to collect a debt;

c.  Defendants violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the following: (*i*) The legal status of a legal action being taken or threatened, and (*ii*) The legal rights of the creditor or debtor;

d.  Defendants violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt.

e.  Defendants violated M.C.L. § 445.252(q) failing to implement a procedure designed to prevent a violation by an employee.

83. Defendants' violations of the Michigan Regulation of Collections Practices Act were willful.

84. ROUSE has suffered actual damages as a result of these willful violations of the Michigan Regulation of Collections Practices Act.

## CLASS ALLEGATIONS

85. Plaintiff defines the following classes pursuit to Fed. R. Civ. P. 23(a) and (b)(2).

a.  Class 1. All natural persons who were sued by one or more of the defendants for collection of a debt where defendants filed the lawsuit in a forum / venue where neither the contract was signed nor the consumer resided

at the time of commencement of the collection lawsuit.

b.      Class 2. All individuals sued by one of the defendants in Michigan for collection of a debt where defendants filed the lawsuit in a forum / venue where neither the contract was signed nor the consumer resided at the time of commencement of the collection lawsuit.

c.      Class 3. All individuals whom were sued by Defendants, in Michigan on a debt originating with Ally Bank for the purchase of a motor vehicle, where the suit was filed over four years after default, during a time period from the filing of this lawsuit to one year prior to the filing.

d.      Class 4. The MRCPA class consists of:  All individuals whom were sued by Defendants, in Michigan on a debt originating with Ally Bank for the purchase of a motor vehicle, where the suit was filed over four years after default, during a time period from the filing of this to six years prior to the filing.

86.     On information and belief, each class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of each of the classes defined above.

87.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.   The predominant common question is whether Plaintiff and the class members were sued by Defendants for collection of a debt where Defendants working in concert filed the lawsuit in a forum

/ venue where neither the contract was signed nor the consumers class members resided at the time of commencement of the collection lawsuit. The other predominant common question is whether Plaintiff and the class members were sued on a time barred debt.

88.   Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained legal counsel experienced in handling class actions brought under the FDCPA.

89.   A class action is an appropriate method for the fair and efficient adjudication of this controversy.


## DEMAND FOR JUDGMENT FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant.

## COUNT I

## Violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

## COUNT II

## <u>Violations of the Michigan Regulation of Collection Practices Act</u>

- for an award of actual, treble, punitive and statutory damages from Defendant for the emotional distress suffered as a result of the Michigan Regulation of Collection Practices Act violations in an amount to be determined at trial and for Plaintiff;

- reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257; and

- for such other and further relief as may be just and proper.

**WHEREFORE,** Plaintiff requests this Honorable court to enter judgment for Plaintiff and against Defendants for:

a.      Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.

b.      Statutory damages.

c.      Treble damages as provided for under the state laws cited herein.

d.      Statutory costs and attorney fees.

e.      Equitable relief for the class pursuant to MCL 445.257 in the form of an injunction prohibiting Defendants from filing collection lawsuits in distant forums /improper venues, filing time barred lawsuits and communicating with debtors in a misleading or deceptive manner.

f.      Class certification.

g.      Such other or further relief as this Court deems proper.

Dated: April 30, 2020                    Respectfully submitted,


                                         REX ANDERSON, PC


                                         /s/ Rex C. Anderson
                                         Rex C. Anderson,
                                         Attorney for Plaintiff and class
                                         9459 Lapeer Rd. Ste. 102
                                         Davison MI 48423
                                         (810) 653-3300
                                         rex@rexandersonpc.net
                                         (P47068)